**RICHARD JAMES AND JANIS JAMES, Plaintiff**

v.

**ANTILLES INSURANCE, INC., Defendant**

Civil No. 432/90

Territorial Court of the Virgin Islands

Div. of St. Croix

October 31, 1990

VINCENT COLIANNI, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

NANCY V. YOUNG, ESQ. (BRYANT, WHITE AND ASSOCIATES, P.C.), Christiansted, St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM AND ORDER

In this action by policyholders against the agent of an insolvent insurer, the defendant agent seeks to implead the carrier, pursuant to Fed. R. Civ. P. 14, and then to stay the action. The motions will be denied.

According to their amended complaint, Richard James and Janis James sustained damages to their home from Hurricane Hugo in September, 1989. They further allege that the defendant Antilles Insurance, Inc. (hereinafter Antilles), breached its duty as their agent

3

to provide information about the "financial condition and financial responsibility" of Alliance Insurance, also referred to in the amended complaint as American Alliance, Inc. (hereinafter American Alliance). Though the amended complaint favors brevity over clarity, the plaintiffs appear to contend that Antilles placed property and casualty insurance for the James' home with American Alliance and that the insurer has not paid the James' claim. As the defendant makes clear from its motion, American Alliance is in conservatorship and, pursuant to a July 24, 1990, order of the District Court, actions pending on that date against American Alliance are stayed.[1] Neither these plaintiffs nor this particular action are referred to in the list of cases which the District Court has stayed.

It may well be, as Antilles asserts, that the plaintiffs are attempting to avoid any appearance by American Alliance as a party in this litigation. Given the likelihood that the District Court stay would be extended to this action in the event that American Alliance were impleaded, that strategy appears to be reasonable. Moreover, the claims against the agent and the carrier are separate and distinct. The theory of the case against Antilles is a breach of a fiduciary duty, i.e., that Antilles knew or should have known that American Alliance would not be able to pay property damage claims and should have disclosed this information to the plaintiffs. On the other hand, a suit against American Alliance would sound in breach of contract.

■■ Impleader should be granted where it will promote judicial economy and avoid duplication of closely related lawsuits. Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 439 n.6 (3d Cir. 1971), cert. denied 92 S.Ct. 1294, 405 U.S. 1017. However, the court must also consider the possible prejudice to the plaintiff that a third-party claim would generate. Id. Here, the prejudice to the plaintiffs would be substantial. If the third party action against American Alliance were permitted, a stay likely would be irresistible in view of the spirit, if not the letter, of the District Court order of conservatorship. Granting the Rule 14 motion thus would have the effect of stopping the action against Antilles in its tracks for an indeterminate period.

In an earlier motion to expedite the trial of this action, the plaintiffs represented that they still are suffering from the double blow of

---

[1] Hodge v. American Alliance Insurance Co., Ltd., Civ. 90/84 (Dist. Ct. St. Thomas-St. John).

4

Hurricane Hugo and the subsequent failure of their insurance company to compensate them for their storm losses. If so, they are not alone in that dilemma. As a matter of policy, they should have their day in court sooner rather than later. That they ultimately may fail to establish liability against this defendant should not preclude them from the attempt.

Absent the present conservatorship of American Alliance, a third party action would have been an appropriate and expeditious way to proceed. However, the obvious result of impleader would be to delay resolution of the first party action against Antilles. Accordingly, it is hereby ORDERED that the motions for leave to file a third party complaint and for a stay are denied.